IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. FRUSTERE, | No. C 11-6395 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| WELLS FARGO BANK, N.A., BRENDAN MURPHY, individually and as trustee of the MURPHY FAMILY TRUST, and DOES 1 to 100, | |
| Defendants. / | |

Before the Court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, plaintiff Richard A. Frustere's ("Frustere") First Amended Complaint ("FAC"). Plaintiff has filed opposition, to which defendant has replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the parties' written submissions, VACATES the hearing scheduled for April 20, 2012, and rules as follows.

1. Contrary to Wells Fargo's argument, the First Cause of Action, alleging "Fraud,"

---

[1] Wells Fargo filed its reply on April 13, 2012. Under Civil Local Rule 7-3, a reply "must be served and filed by the moving party not more than 7 days after the opposition is served and filed," see Civil L.R. 7-3(c), which, in this instance, was March 26, 2012. Nonetheless, the Court has considered Wells Fargo's late-filed reply.

is not subject to dismissal by reason of Frustere's assertedly having failed to adequately allege reliance and damages. See Perlas v. GMAC Mortg., LLC, 187 Cal. App. 4th 429, 434 (2010) (holding essential elements of fraud include reliance and damages). Frustere has alleged he paid $4,049.70 to Wells Fargo in reliance on Wells Fargo's representation that if such payment were made, Wells Fargo would delay foreclosure to a date no earlier than December 1, 2009. (See FAC ¶¶ 22-24.)

      2. The Second Cause of Action, alleging "Intentional Misrepresentation," is, as Wells Fargo points out, subject to dismissal because Frustere has failed to plead said claim with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P 9(b) (providing "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud").[2] The Second Cause of Action alleges two Notices of Default contained false information as to the date of the foreclosure sale and as to Wells Fargo's intentions with respect to such sale. (See FAC ¶¶ 42, 44.) Frustere has failed, however, to plead with the requisite specificity the content of the alleged misrepresentations and how they were false, the date on which he received the notices in which any such misrepresentations were made, and any facts showing his reliance thereon and resulting damages. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (holding "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged") (internal quotation and citation omitted).

      3. Contrary to Wells Fargo's argument, the Third Cause of Action, alleging "Violation of [California] Business and Professions Code [Section] 17200 et seq.," is not subject to dismissal for lack of standing or failure to allege a legally cognizable basis. As discussed above, Frustere has adequately alleged, in the First Cause of Action, a claim of fraud, including resulting financial injury. See Cal. Bus. & Prof. Code § 17200 (prohibiting "any . . . fraudulent business act or practice"); Boschma v. Home Loan Center, Inc., 198 Cal. App.

---

[2] The Court notes that both parties have cited to California case authority with respect to the pleading standards for fraud. In the federal courts, however, the Federal Rules of Civil Procedure, including those relevant to the pleading of a fraud claim, are applicable.

2

1 4th 230, 253 n.12 (2011) (holding party adequately pleaded claim under § 17200 where
2 party adequately pleaded fraud claim).

3       4. The Fourth Cause of Action, alleging "Breach of Contract," is, as Wells Fargo
4 argues, subject to dismissal because the alleged oral agreement on which said claim is
5 based is invalid under the statute of frauds. See Cal. Civ. Code § 1624 (providing
6 "contracts [for the sale of real property] are invalid unless they, or some note or
7 memorandum thereof, are in writing and subscribed by the party to be charged . . . ."); see
8 also Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2, 167 Cal. App. 4th 544, 553 (2008)
9 (holding "[a]n agreement to modify a contract that is subject to the statute of frauds is also
10 subject to the statute of frauds"; finding oral agreement by which lender agreed to forbear
11 exercising right of foreclosure under deed of trust unenforceable).

12       5. The Eighth Cause of Action,[3] alleging "Negligence," is subject to dismissal
13 because, as Wells Fargo argues, Frustere has not alleged facts demonstrating Wells Fargo
14 owed him a duty of care. See Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d
15 1089, 1096 (1991) (holding "as a general rule, a financial institution owes no duty of care to
16 a borrower when the institution's involvement in the loan transaction does not exceed the
17 scope of its conventional role as a mere lender of money").

18       6. Contrary to Wells Fargo's argument, the Ninth Cause of Action, alleging
19 "Intentional Infliction of Emotional Distress," is not subject to dismissal for failure to plead
20 the requisite element of outrageous conduct. Although, as Wells Fargo notes, a party
21 cannot be held liable for intentional infliction of emotional distress where such party's
22 conduct constitutes no more than an "assertion of [its] legal rights in pursuit of [its] own
23 economic interests," see, e.g., Yu v. Signet Bank/Va., 69 Cal. App. 4th 1377, 1398 (1999),
24 plaintiff here has adequately alleged, as discussed above, a claim of fraud, which a
25 reasonable trier of fact could find constitutes outrageous conduct. See U. L. Fletcher v.
26 Western Nat'l Life Ins. Co., 10 Cal. App. 3d 376, 395 (1970) (holding "[i]t is well established

---

28    [3] Wells Fargo is not named as a defendant to the Fifth, Sixth and Seventh Causes of Action.

3

that one who, in exercising the privilege of asserting his own economic interests, acts in an outrageous manner may be held liable for intentional infliction of emotional distress").

7. The Tenth Cause of Action, alleging "Negligent Infliction of Emotional Distress," is subject to dismissal because, as Wells Fargo argues, negligent infliction of emotional distress does not exist as an independent tort in California.  See Delfino v. Agilent Tech., Inc., 145 Cal. App. 4th 790, 818 (2006).

**CONCLUSION**

For the reasons stated above, Wells Fargo's motion to dismiss is hereby GRANTED in part and DENIED in part as follows:

1. To the extent Wells Fargo moves for dismissal of the First, Third, and Ninth Causes of Action, the motion is DENIED.

2. To the extent Wells Fargo moves for dismissal of the Second and Eighth Causes of Action, the motion is GRANTED, and said causes of action are DISMISSED with leave to amend to cure the deficiencies identified above.

3. To the extent Wells Fargo moves for dismissal of the Fourth and Tenth Causes of Action, the motion is GRANTED, and said causes of action are DISMISSED without leave to amend.

4. Frustere's Second Amended Complaint, if any, shall be filed no later than May 9, 2012.

**IT IS SO ORDERED.**

Dated: April 18, 2012

MAXINE M. CHESNEY
United States District Judge