United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD A. FRUSTERE,

    Plaintiff,

  v.

WELLS FARGO BANK, N.A., BRENDAN MURPHY, individually and as trustee of the MURPHY FAMILY TRUST, and DOES 1 to 100,

    Defendants.

No. C 11-6395 MMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

    Before the Court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion, filed August 21, 2012, to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Second Cause of Action alleged in plaintiff Richard A. Frustere's ("Frustere") Third Amended Complaint ("TAC").[1] Frustere has filed opposition, to which Wells Fargo has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

**A.    Sufficiency of Pleadings**

    Wells Fargo moves the Court to dismiss Frustere's Second Cause of Action,

---

[1] The TAC referenced herein is the document filed August 17, 2012 by Frustere's then counsel of record. The day prior, Frustere himself faxed to the Clerk of Court a document titled "Third Amended Complaint for Damages and Injunctive Relief," alleging therein, in all material respects, the same factual support for his Second Cause of Action as was contained in the Second Amended Complaint ("SAC"), which cause of action was dismissed for failure to state a claim. As Frustere was represented by counsel of record on the date he faxed the above-referenced pleading on his own behalf, such document is not properly before the Court, and, in any event, fares no better than its predecessor.

1  "Intentional Misrepresentation," on the ground Frustere fails to plead said claim with the
2  requisite particularity.[2]

3  To state a cause of action for fraud, a plaintiff must allege: "(a) misrepresentation
4  (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or
5  'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e)
6  resulting damage." Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997)
7  (internal quotation and citation omitted). Additionally, "where a complaint includes
8  allegations of fraud, Federal Rule of Civil Procedure 9(b) requires . . . specificity including
9  an account of the time, place, and specific content of the false representations as well as
10 the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d
11 756, 764 (9th Cir. 2007) (internal quotation and citation omitted).[3]

12 In support of his Second Cause of Action, Frustere relies in part on factual
13 allegations the Court has already found to state a claim under the First Cause of Action
14 ("Fraud"); consequently, to the extent the Second Cause of Action is based thereon, such
15 claim is, as Wells Fargo notes, duplicative of the First Cause of Action. (See TAC ¶¶ 38,
16 53.) To the extent the Second Cause of Action is based on additional misrepresentations,
17 Frustere's allegations remain, as in the SAC, conclusory and ambiguous and, thus,
18 insufficient to meet the pleading requirements of Rule 9(b).[4] (See, e.g., TAC ¶ 53 (alleging
19 "agents of defendant, Wells Fargo, made representations to [Frustere] that he would be

---

[2] In its prior orders, the Court dismissed, on motion by Wells Fargo, Frustere's Fourth, Eighth, and Tenth Causes of Action. In his TAC, Frustere has omitted all said causes of action with the exception of the Eighth ("Negligence"), which claim, despite its inclusion in the TAC, remains dismissed.

[3] The Court notes that both parties have cited to California case authority with respect to the pleading standards for fraud. Although federal courts look to state law for the elements of a claim brought under state law, a plaintiff must meet the pleading standards set forth under federal law. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (holding Rule 9(b) applicable to claim brought under California law).

[4] In assessing the sufficiency of the Second Cause of Action, the Court has considered, in addition to the facts pleaded thereunder, all factual allegations included therein by reference.

2

able to reinstate his loan and/or obtain a loan modification"); SAC ¶ 42 (same)). Consequently, the Second Cause of Action is again subject to dismissal.

**B.     Leave to Amend**

Frustere asks for further leave to amend his Second Cause of Action "[s]hould this court find that there are deficiencies in [Frustere's] complaint" (see Pl.'s Opp'n to Def.'s Mot. to Dismiss at 6:3-5), stating, without elaboration, "further information can be plead[ed] to correct any errors should any [ ] exist . . . " (see id. at 5:23-24).

The TAC represents Frustere's fourth effort to state a claim based on representations other than those on which his First Cause of Action is based. Moreover, as discussed above, the allegations pleaded in the TAC in support of such claim are essentially unchanged from those alleged in the SAC. Under such circumstances, the Court finds further leave to amend is not warranted. See, e.g., In re Vantive Corp. Sec. Litig., 283 F.3d 1079, 1097 (9th Cir. 2002) (affirming denial of leave to amend where plaintiffs had been given multiple opportunities to plead claim and failed to identify additional facts they would plead if given further opportunity to amend), abrogation on other grounds recognized by South Ferry LP, No. 2 v. Killinger, 542 F.3d 776, 784 (9th Cir. 2008); see also, Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (noting "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint").

## CONCLUSION

For the reasons stated above, Wells Fargo's motion to dismiss the Second Cause of Action is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: October 2, 2012

_____
MAXINE M. CHESNEY
United States District Judge