IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. FRUSTERE,<br><br>    Plaintiff,<br>  v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>    Defendants.<br>_____/ | No. 11-6395 MMC<br><br>**ORDER DENYING IN PART FRUSTERE'S MOTIONS; EXTENDING DEADLINE TO SERVE DEFENDANT MURPHY** |

    Before the Court are two filings by plaintiff Richard A. Frustere ("Frustere") titled, respectively, "Notice and Notice of Motion and Declaration of Good Cause in Opposition of His Counsel to Withdrawal, Opposition to Any Motions for Hearing by Defendants, and Plaintiff Seeks an Extension of Time to Locate Replacement of Counsel He Is Entitled" and "Notice and Notice of Motion by Plaintiff to Show Cause Why Claims Against Defendant Murphy Should Not Be Dismissed and Notice of Motion of an Extension of Time for Good Cause," both filed October 23, 2012.  Having read and considered the motions, the Court rules as follows:[1]

    1. To the extent Frustere seeks thereby a stay of all motions in the case, said motions are hereby DENIED as moot, for the reason that there are no other motions

---

[1] Because said motions seek substantially the same relief, the Court addresses them jointly.

pending.

2. To the extent Frustere seeks reconsideration of the Court's order granting Frustere's counsels' request to withdraw, said motions are hereby DENIED, for the reason that Frustere fails to identify any cognizable grounds for reconsideration.  See Civil L.R. 7-9(b) (setting forth limited grounds upon which reconsideration will be granted).

3. To the extent Frustere seeks a court order directing his prior counsel to return all case files to him, said motions are hereby DENIED without prejudice, for the reason that Frustere has not shown he has requested his files from counsel.  See California Rules of Professional Conduct, Rule 3-700 ("A member whose employment has terminated shall[,] . . . [s]ubject to any protective order or non-disclosure agreement, promptly release to the client, at the request of the client, all the client papers and property.") (emphasis added).

4. To the extent Frustere seeks a stay of all proceedings and continuance of all deadlines for 90 days, in order to afford him additional time to locate counsel and/or to settle the case, said motions are hereby DENIED, for the reason that Frustere has not shown the efforts, if any, he has made to retain new counsel in the month and a half that has elapsed since the Court granted his prior counsels' request to withdraw.  Said denial is without prejudice to Frustere seeking an extension of the pretrial and trial dates should new counsel be retained.

5. To the extent Frustere seeks leave to file documents with the Clerk of the Court by fax, said motions are hereby DENIED, for the reason that a party may not transmit fax copies directly to the Clerk by electronic or telephonic means.  See Civil L.R. 5-3(a), (b).

6. To the extent said motions constitute a response to the Court's order, filed September 27, 2012, directing Frustere to show cause why his claims against defendant Brendan Murphy ("Murphy") should not be dismissed for failure to serve said defendant with the summons and complaint, the Court finds Frustere has failed to show good cause for such failure.  In light of Frustere's statement that he currently lacks information as to his prior counsels' reasons for serving only one of the two named defendants, however, the

Court hereby EXTENDS the deadline to serve Murphy until November 30, 2012.  If Frustere fails to file, by December 7, 2012, proof of service of the summons and Third Amended Complaint on Murphy, the action will be dismissed as to said defendant.

**IT IS SO ORDERED.**

Dated:  November 1, 2012

MAXINE M. CHESNEY
United States District Judge

3