IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD A. FRUSTERE,

      Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,

      Defendants.

No. 11-6395 MMC

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is defendant Wells Fargo Bank, N.A.'s ("defendant") Motion for Summary Judgment, filed February 4, 2013. Plaintiff has not filed opposition. Having read and considered the papers filed in support of the motion, the Court rules as follows.

Plaintiff's remaining three causes of action[1] are based on an alleged fraudulent misrepresentation made by Wells Fargo. Specifically, plaintiff alleges "Wells Fargo's representatives informed plaintiff that if he made payments totaling $4,049.70, the trustee sale of his property would not be held and rescheduled for a time after December 1, 2009." (TAC ¶ 29.)

In moving for summary judgment, defendant argues plaintiff is unable to show a triable issue of fact exists as to the alleged fraudulent statement. In support thereof,

---

[1] The remaining causes of action are: the First Cause of Action ("Fraud"), the Third Cause of Action ("Violation of Business and Professions Code Section 17200 et seq."), and the Ninth Cause of Action ("Intentional Infliction of Emotional Distress").

defendant relies exclusively on requests for admission to which plaintiff did not respond and, consequently, is deemed to have admitted. (See Richardson Decl. ¶¶ 4, 7 (stating requests for admission served in November 2012 and defendant received no response from plaintiff)); Fed. R. Civ. P. 36(a)(3) (providing "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection"). In particular, defendant asserts that it asked plaintiff to "admit that no Wells Fargo representative told him that if he made payments totaling $4,049.70 the trustee's sale of the subject property would not be held . . . [and] that the sale of the property would be delayed." (See Mot. at 4:10-14.)

The problem with defendant's argument is that defendant did not ask plaintiff to admit that no promise was made conditioned on a payment in such amount. Rather, as the evidence submitted by defendant shows, defendant directed to plaintiff the following requests for admission:

**REQUEST FOR ADMISSION NO. 2:**

Admit that no representative of WELLS FARGO told YOU that if YOU made payments totaling $4,049.79, the trustee's sale the [sic] subject property would not be held.

**REQUEST FOR ADMISSION NO. 3:**

Admit that no representative of WELLS FARGO represented to YOU in November of 2009 that if YOU made payments totaling $4,049.79, the trustee's sale the [sic] SUBJECT PROPERTY would be rescheduled for a date after December 1, 2009.

(See Richardson Decl. Ex. 1 at 1:26-2:4.)

As noted above, and as defendant acknowledges, plaintiff does not contend defendant told him that if he paid $4079.79 the trustee sale would not be held or would be rescheduled. Rather, plaintiff alleges the amount he was told he needed to pay, and did pay, was $4049.70. (See TAC ¶¶ 29, 30, 38.) Consequently, although defendant is correct that the facts in the above-referenced requests for admission are deemed conclusively established, such facts are not inconsistent with the facts upon which plaintiff's claims are predicated and thus do not preclude plaintiff from proving his claims.

2

Accordingly, defendant has not met its burden under Rule 56 and qis not entitled to summary judgment.  See Fed. R. Civ. P. 56(a) (providing summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact").

**CONCLUSION**

For the reasons set forth above, defendant's motion for summary judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  April 24, 2013

MAXINE M. CHESNEY
United States District Judge