IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. FRUSTERE,<br><br>      Plaintiff,<br>  v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>      Defendants.<br>_____/ | No. 11-6395 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS; ORDER OF DISMISSAL** |

     Before the Court is defendant's Motion for Sanctions, filed May 10, 2013, by which defendant seeks dismissal of the above-titled action as well as specified attorney's fees. The matter came on regularly for hearing June 21, 2013 at 9:00 a.m. Jason M. Richardson of Severson & Werson appeared on behalf of defendant. Plaintiff did not appear. Rather, plaintiff's opposition, which was to be filed no later than May 24, 2013, was filed at 12:48 a.m. on the morning of the hearing, along with a request to appear telephonically, which request, by separate order, the Court has denied.

     The Court having read and considered the parties' respective written submissions, including plaintiff's untimely opposition, and having considered the arguments of defendant's counsel at the hearing, now, for the reasons stated on the record at the hearing, rules as follows.

//

1. The Court, having weighed the factors relevant thereto, hereby GRANTS defendant's motion to dismiss. See Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993) (setting forth factors court must consider in granting dismissal as sanction). As set forth in detail on the record of the above-referenced hearing, no alternative sanction appears practicable, plaintiff having willfully and without good cause failed to comply with reasonable discovery requests, repeatedly disregarded the Court's orders pertaining to the filing of documents, and repeatedly failed to appear at scheduled court proceedings without timely or adequate excuse, all to the prejudice of defendant and the Court's ability to manage its docket.

2. Having considered Rule 37 of the Federal Rules of Civil Procedure, the Court hereby GRANTS defendant's motion for attorney's fees. See Fed. R. Civ. P. 37 (providing procedures governing failure to cooperate in discovery); Fed. R. Civ. P. 37(d)(3) (providing "court must require the party failing to [comply with discovery requests] . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust"). As set forth above, the Court has found plaintiff's failure to comply was not justified; the Court further finds no other circumstances counsel against the relief requested. Additionally, the Court finds the amount sought reflects a reasonable hourly rate and a reasonable number of hours expended in the preparation of the subject discovery documents and in drafting the instant motion and, consequently, that such fees were reasonably incurred.

Accordingly, the above-titled action is hereby DISMISSED with prejudice and defendant is hereby awarded attorney's fees in the amount of $2037.

**IT IS SO ORDERED.**

Dated: June 21, 2013

MAXINE M. CHESNEY
United States District Judge